**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AASIM NASH** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5457** |
| | : | |
| **PHILA COMMON PLEAS COURT,** | : | |
| ***et al.*,** | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

**QUIÑONES ALEJANDRO, J.**                                **NOVEMBER 25, 2020**

Plaintiff Aasim Nash filed this civil action against two state courts and a motion for leave to proceed *in forma pauperis*.  For the reasons set forth below, Nash is granted leave to proceed *in forma pauperis* and his complaint is dismissed.

## I.        FACTUAL ALLEGATIONS

Nash filed this Complaint against the "Phila Comm Pleas Court Mental Health Court" and the "Montgomery County Common Pleas Court Mental Health Court."  (ECF No. 2 at 2.)  Though his allegations are sparse, Nash indicates that the events giving rise to his claims took place "in jail or hospital" during the time frame of 1996 through 2004, though he also suggests that some events are "still going on now."  (*Id.* at 3.)  He alleges that the Defendant courts "violated constitution Amendment 1 thru [sic] 14" by "lock[ing] [him] up and pour[ing] pills down [his] throat." (*Id.*)  He also states that he was "pepper sprayed twice." (*Id.* at 4.)

A review of public dockets reflects that Nash was convicted of various offenses in the Montgomery County Court of Common Pleas and in the Philadelphia County Court of Common Pleas.    *See Commonwealth v. Nash*, CP-46-CR-0003281-2008 (C.P. Montgomery);

*Commonwealth v. Nash*, CP-51-CR-0206441-1998; CP-51-CR-0703151-1998; CP-51-CR-0206701-1997; CP-51-CR-0312211-1997 (C.P. Phila.).  Nash seeks "discharge" and two million dollars in damages.  (*Id.* at 4.)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of any action without prepayment of fees is the person establishes an inability to pay such fee.  Here, Nash has shown that he is not capable of prepaying the fees to commence this action.  As such, this Court will grant Nash leave to proceed *in forma pauperis.*  Section 1915(e)(2)(B)(i) further provides, in part, that the court is required to dismiss a complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Nash is proceeding *pro se*, this Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Nash appears to be raising constitutional claims based on apparent violations of his rights in connection with state criminal proceedings, therefore, his claims are best construed as claims under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, Defendants are state courts and are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment

immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, there is no legal basis for Nash's claims against the Defendant courts.[1]

## IV.    CONCLUSION

For the foregoing reasons, this Court grants Nash leave to proceed *in forma pauperis*. Nash's complaint is dismissed in its entirety, with prejudice, for failure to state a claim. Nash will not be given leave to amend because any such amendment would be futile. An appropriate Order follows.

**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1]    Additionally, Nash may not challenge the constitutionality of his convictions in a § 1983 action because "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Accordingly, any claims for damages based on the alleged unconstitutionality of Nash's intact convictions or related imprisonment are also not cognizable.